## MEEKER & LEWIS *vs.* HAYS ET AL.

EASTERN DIS.
*April,* 1841.

MEEKER
&
LEWIS
*vs.*
HAYS ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

A sale of a stock of goods, although by notarial act, when shown to be in fraud of creditors, will not exempt them even in the vendee's possession, from *bona fide* attaching creditors of the vendor.

This is an attachment suit against the goods and effects of an absconding debtor. The plaintiffs show they are creditors of Wm. R. C. Hays, for merchandize sold and delivered according to a detailed account, and balance due on a note, which are annexed; amounting to $1180. On the 21st February, 1840, the plaintiffs sued out an attachment, and on the same day levied on the contents of a clothing store, recently occupied and carried on by the defendant, then in possession of J. Burroughs. The goods were sequestered by the sheriff and taken into custody; and the vendors privilege claimed on them.

John Burroughs intervened and claimed all the goods and articles attached, in virtue of a notarial act of sale, of said stock of goods, consisting of clothing, hats, boots, shoes, and show-cases, with the fixtures and furniture, from the defendant, Hays, to him for the alleged price and sum of $8510; five hundred dollars purporting to be in cash; the balance (all to $598) was paid in Hays' notes. The act of sale bears date the 21st February, 1841, the same day of the attachment, and sequestration of the goods by the plaintiffs. Other creditors intervened. Evidence was adduced, showing the insolvency and absconding of Hays; and also touching the fairness of the sale of the goods in question. The sale was made for a gross or round sum according (as stated in the act) to an inventory and valuation annexed.

There was judgment for the plaintiffs, against defendant, for the amount of their demand, with privilege for a part and priority of attachment for the remainder; and also dismissing the petitions of intervention. Burroughs alone appealed.

EASTERN DIS.
April, 1841.

MEEKER
&
LEWIS
vs.
HAYS ET AL.

*Kennicott,* for the plaintiffs.

*Larue,* for the intervenor and appellant.

*Hoffman,* for the syndic of Hays, &c.

*Garland, J.* delivered the opinion of the court.

The plaintiffs levied an attachment on the property of the defendant, claiming the sum of $1180 37, due on a note and account for goods and merchandize sold, on part of which they claimed the vendor's privilege and had them sequestered. Burroughs intervened in the suit, claiming all the goods attached and sequestered in the store occupied by Hays, on Levee street, as his property, alleging he had purchased them on the 21st of February, in the year 1840, and taken possession of them and the store in which they were, previous to the seizure. He produces a notarial act as evidence of the sale; the consideration is fixed at $8510 31, the amount of an invoice annexed. Five hundred dollars it is said was paid in cash, the sum of $7421 65, in Hays' own notes, and for the balance he gave his notes, payable at a future time. This sale the plaintiffs allege, is fraudulent; that the consideration is fictitious, and if not fictitious, is void, being an attempt on the part of Hays, who was insolvent, to give an undue preference to Burroughs, as a creditor, and therefore a nullity. Several other creditors of Hays intervened in the suit, but the case only presents the controversy between the plaintiffs and intervenor.

The evidence shows Hays was insolvent, that about noon the sale was passed and the intervenor entered into possession. Hays absconded immediately and the attachment was executed a few hours after. The intervenor offered no other evidence of the validity of the consideration mentioned in the notarial act, than its recitals and his own statements when he took possession of the store. He offered several witnesses to prove he was not entirely unknown. One represents him as a man

who "trades in most anything," but from the statements of them altogether, it appears his operations had been previously confined to speculations in shoes, tinware, lumber and wood in flat boats. They say he pays his debts, when he owes any, and one witness has known him to be worth money.

The question is one of fraud; the judge who tried the cause saw and heard all the witnesses; he decided the sale was "made in fraud of Hays' creditors,", and with a view to protect his property from their claims. We have examined the evidence and believe his judgment correct.

The judgment of the Commercial Court is therefore affirmed with costs.

<div style="margin-left:60%">

EASTERN DIS.
*April,* 1841.

A sale of a stock of goods, although by notarial act, when shown to be in fraud of creditors, will not exempt them, even in the vendee's possession from *bona fide* attaching creditors of the vendor.